UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
                                                             :
TRUSTEES OF THE NEW YORK CITY                                :  22 Civ. 6445 (LGS)
DISTRICT COUNCIL OF CARPENTERS                               :
PENSION FUND, et al.,                                        :  **OPINION AND ORDER**
                                                             :
                                            Petitioners,     :
                                                             :
                    -against-                                :
                                                             :
A&C BROTHERS CONTRACTING INC.,                               :
                                            Respondent.      :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

      Petitioners Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund, the Trustees of the New York City Carpenters Relief and Charity Fund, the Carpenter Contractor Alliance of Metropolitan New York and the New York City District Council of Carpenters petition for confirmation of a favorable arbitration award issued on March 15, 2022 (the "Award"). Petitioners also seek attorneys' fees and costs in connection with the preparation of the Petition and post-judgment interest. Respondent A&C Brothers Contracting Inc. did not appear in this action and did not oppose the Petition. For the following reasons, the Petition is granted.

**I.     BACKGROUND**

      The following uncontested facts are taken from the Petition and its exhibits, including the Award.

      Petitioner New York City District Council of Carpenters (the "Union") is a labor union, which is the certified bargaining representative for certain employees of Respondent A&C Brothers Contracting Inc., a flooring contractor.

The Union and Respondent are parties to a Collective Bargaining Agreement ("CBA") entered into on or about October 3, 2018.  The CBA requires that Respondent make contributions to multi-employer employee benefit funds.  Petitioners Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund are the trustees of four such multi-employer trust funds organized and operated in accordance with the Employee Retirement Income Security Act of 1974, Pub. L. No. 93-406, 88 Stat. 829 (codified as amended at 29 U.S.C. §§ 1001-1461 and in scattered sections of 5, 18 and 26 U.S.C.).  Petitioner Trustees of the New York City Carpenters Relief and Charity Fund are the trustees of a charitable organization recognized under Internal Revenue Code, 26 U.S.C. § 501(c)(3).  Petitioner Carpenter Contractor Alliance of Metropolitan New York is a New York not-for-profit corporation (Petitioners apart from the Union, collectively herein, the "Funds").

To allow the Funds to perform their fiduciary duties, including ensuring Respondent makes the required contributions, the CBA requires that Respondent "make available . . . all pertinent books and records . . . required for an audit."  The CBA further provides that "[i]t shall be a violation of this Agreement for any Employer . . . to fail to furnish proper records when requested, for the purpose of completing an audit."

Pursuant to the CBA, Petitioners requested an audit of Respondent's records.  After Respondent failed to provide its books and records, Petitioners initiated arbitration.  Following a hearing on February 24, 2022, which was noticed three times and at which Respondent failed to appear, the arbitrator rendered the Award on March 15, 2022.  The arbitrator found Respondent violated the CBA in failing to submit to an audit and ordered Respondent to make available its

records.  It also directed Respondent to pay the Funds $2,900 in court costs, attorneys' fees and an arbitrator's fee.

On April 12, 2022, Petitioners delivered a letter demanding payment and compliance with the Award.  Although Respondent represented that it would make its books and records available in accordance with the Award, it has failed to do so.

On July 29, 2022, Petitioners commenced this action to enforce the Award pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. § 185. Respondent was served with a Summons on August 2, 2022, which was filed with the Court the following day.  Respondent has not appeared or responded to the Petition or Summons.  The Court construes the Petition as an unopposed motion for summary judgment.

## II.    DISCUSSION

### A.    Confirmation of the Award

Section 301 of the LMRA "provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards." *Loc. 802, Associated Musicians v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998); *accord Drywall Tapers and Pointers of Greater N.Y. Loc. Union 1974 v. Astoria Interiors Grp.*, No. 21 Civ. 1932, 2022 WL 1172576, at *1 (S.D.N.Y. April 20, 2022).  "[G]enerally a district court should treat an unanswered . . . petition to confirm . . . as an unopposed motion for summary judgment." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006); *accord Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Piccini MNM, Inc.*, No. 19 Civ. 5258, 2021 WL 1791591, at *2 (S.D.N.Y. May 5, 2021).

Though a summary judgment standard is applied to confirmation proceedings, a "federal court's review of labor arbitration awards is narrowly circumscribed and highly deferential -- indeed, among the most deferential in the law." *Nat'l Football League Mgmt. Council v. Nat'l*

*Football League Players Ass'n*, 820 F.3d 527, 532 (2d Cir. 2016).  "As long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *United Bhd. of Carpenters & Joiners of Am. v. Tappan Zee Constructors, L.L.C.*, 804 F.3d 270, 275 (2d Cir. 2015).  "It is the arbitrator's construction of the contract and assessment of the facts that are dispositive, 'however good, bad, or ugly.'"  *Nat'l Football League*, 820 F.3d at 536 (quoting *Oxford Health Plans, L.L.C. v. Sutter*, 569 U.S. 564, 573 (2013)).  An arbitral award should be confirmed as long as it "draws its essence from the collective bargaining agreement and is not merely the arbitrator's own brand of industrial justice."  *Id.* at 537 (internal quotation marks omitted).

 No genuine issues of material fact exist in this case, as the Petition is uncontested.  The only relevant question becomes whether, on the facts as presented by Petitioners, the arbitrator "even arguably constru[ed] or appl[ied] the contract and act[ed] within the scope of his authority" in issuing the Award.  *Tappan Zee Constructors, L.L.C.*, 804 F.3d at 275.  The Award meets this standard.  Respondent has not "ma[d]e available . . . all pertinent books and records . . . required for an audit" as plainly required by the CBA.  An order requiring Respondent to do so is plainly an application of the CBA.  Because the parties consented to arbitrate "any dispute or disagreement . . . concerning any claim arising from payments to the Fund[s] . . . which [are] allegedly due," the arbitrator acted within the scope of his authority.  Petitioners have proven that they are entitled to confirmation of the arbitration award under the deferential standard of review used in arbitration cases.  The Award is confirmed.

### B.  Attorneys' Fees and Costs

Petitioners also request payment of attorneys' fees of $577.50 and costs of $77.  "Section 301 of the [LMRA] does not provide for attorney's fees in actions to confirm and enforce an arbitrator's award." *Int'l Chem. Workers Union (AFL-CIO), Loc. No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985); *accord N.Y.C. Dist. Council of Carpenters v. Tried N True Interiors LLC*, No. 20 Civ. 51, 2020 WL 1809323, at *3 (S.D.N.Y. Apr. 9, 2020).  However, a court may award fees and costs in an LMRA case pursuant to its equitable powers.  *See Odeon Cap. Grp. v. Ackerman*, 864 F.3d 191, 198 (2d Cir. 2017).  "As applied to suits for the confirmation and enforcement of arbitration awards, . . . when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded." *Int'l Chem. Workers Union*, 774 F.2d at 47 (internal quotation marks omitted); *accord Tried N True Interiors LLC*, 2020 WL 1809323, at *3.

Here, Respondent signed the CBA, which provided for arbitration.  Despite three notices of hearing, Respondent failed to participate in the arbitration, failed to satisfy the Award and failed to oppose the Petition, or even appear in this case.  Respondent has not justified its refusal to abide by the arbitrator's decision at any point.  Petitioners are entitled to recover fees and costs under the CBA.  The CBA provides that "[i]n the event that formal proceedings are instituted before a court of competent jurisdiction, . . . and if such court renders a judgment in favor of [the Funds], the Employer shall pay to such [Funds], in accordance with the judgment of the court, . . . reasonable attorney's fees and costs of the action."  Petitioners should be awarded reasonable attorneys' fees and costs.

The attorneys' fees and costs sought in this case are reasonable.  In support of Petitioners' claim for fees, Petitioners' counsel submitted an invoice detailing the hours billed, tasks

performed and hourly billing rate of the associate who performed work on this case. Petitioners seek $577.50 in attorneys' fees for 2.1 hours of work, at an hourly rate of $275. The time expended on this action and the rates billed by Petitioners' counsel are reasonable, and are in line with fee awards in similar cases. *See, e.g.*, *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Jaidan Indus. Inc.*, No. 20 Civ. 7008, 2021 WL 4459231 (S.D.N.Y. Sept. 29, 2021) (granting fees of $1,868 in action to confirm an arbitration award where respondent did not appear); *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Coastal Env't Grp., Inc.*, No. 16 Civ. 6004, 2016 WL 7335672 (S.D.N.Y. Dec. 16, 2016) (same but granting fees of $11,992.98). Prevailing parties are routinely allowed to recover costs. *See* Fed. R. Civ. Pro. 54(d)(1) ("[C]osts . . . should be allowed to the prevailing party."). Petitioners' counsel has submitted documentation supporting their claim for $77 in service fees.

Petitioners' request for $577.50 in attorneys' fees and $77 in costs is granted.

**C.  Interest**

Petitioners also request post-judgment interest at the statutory rate. "Pursuant to 28 U.S.C. §1961, the award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered." *Tru-Art Sign Co. v. Loc. 137 Sheet Metal Workers Int'l Ass'n*, 852 F.3d 217, 223 (2d Cir. 2017) (internal quotation marks omitted). Section 1961 applies to actions to confirm arbitration. *See Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100-01 (2d Cir. 2004) (awarding post-judgment interest in an arbitration case); *Trs. for Mason Tenders Dist. Council Welfare Fund v. JTL Constr. Corp.*, No. 18 Civ. 9025, 2020 WL 5370911, at *3 (S.D.N.Y. Sept. 4, 2020) (same). Petitioners request for interest at the statutory rate prescribed by 28 U.S.C. § 1961, accruing from the date judgment is entered until payment is made, is granted.

### III. CONCLUSION

For the foregoing reasons, the Petition for confirmation of the Award is granted. Respondent shall make its books and records available to Petitioners for purposes of an audit. Petitioners are entitled to $2,900 pursuant to the Award, plus $654.50 in attorneys' fees and costs. Interest shall accrue from the date judgment is entered until payment is made at the statutory rate prescribed by 28 U.S.C. § 1961.

The Clerk of Court is respectfully directed to enter judgment in favor of Petitioners and close the case.

Dated: October 13, 2022
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**